IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
June 1, 2017 Session Heard at Nashville

**STATE OF TENNESSEE v. SEDRICK CLAYTON**

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 1203160 Carolyn W. Blackett, Judge**

———————————————————

**No. W2015-00158-SC-DDT-DD**

———————————————————

SHARON G. LEE, J., concurring.

I concur in the Court's opinion except for the analysis regarding the proportionality review. In 1997, this Court narrowed the scope of the proportionality review required by Tennessee Code Annotated section 39-13-206(c)(1)(D) by limiting its consideration to only those cases in which the death penalty had been sought. *State v. Bland*, 958 S.W.2d 651, 666 (Tenn. 1997). A majority of this Court reaffirmed this truncated approach in *State v. Pruitt*, 415 S.W.3d 180, 217 (Tenn. 2013). In *Pruitt*, I joined Justice William C. Koch, Jr. in dissenting from the Court's decision to continue following the *Bland* approach, as it improperly narrowed the proportionality review required by Tennessee Code Annotated section 39-13-206(c)(1)(D). *Pruitt*, 415 S.W.3d at 230 (Koch and Lee, JJ., concurring and dissenting). We determined that the Court should return to its pre-*Bland* proportionality analysis by considering "all first degree murder cases in which life imprisonment or a sentence of death has been imposed" and focusing on whether the case under review more closely resembles cases that have resulted in the imposition of the death penalty than those that have not. *Id*. at 230-31 (Koch and Lee, JJ., concurring and dissenting).

I have performed the broader, pre-*Bland* review in this case, as I find it more consistent with the requirement of Tennessee Code Annotated section 39-13-206(c)(1)(D). Based on a review of similar first degree murder cases, including those in which the death penalty was not sought, I have concluded that Mr. Clayton's personal background and the nature of the crimes he committed closely resemble the personal backgrounds and the crimes committed by other persons who have received a death sentence than those that have not. Accordingly, as required by Tennessee Code Annotated section 39-13-206(c)(1)(D) and based on the facts in this record, I find that

Mr. Clayton's death sentence is "[neither] excessive [n]or disproportionate to the penalty imposed in similar cases, considering both the nature of the crime and the defendant."

_____
SHARON G. LEE, JUSTICE